IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case no. 2:22-cr-218-MHH-GMB |
| ) | |
| TAHJI ALONZO ORR, ) | |

### SENTENCING MEMORANDUM

Tahji Orr, by and through counsel, submits this sentencing memorandum for the Court's consideration. Mr. Orr entered into a binding plea agreement with the government in this case, in which the parties jointly agreed to a 96-month sentence. (Doc. 29). For the reasons that follow, Mr. Orr respectfully requests that the Court accept the parties' binding plea agreement and impose a custodial sentence of 96 months.

### BACKGROUND

Mr. Orr, who is now 25 years old, was born in Detroit, Michigan. When he was around four years old, he moved with his mother and siblings to Jefferson County, Alabama, where he has lived ever since. Mr. Orr is the second oldest of six siblings, and his mom, Syreeta, raised them all on her own, without assistance from their fathers. The Department of Human Resources (DHR) first became involved with Mr. Orr's family when he was in kindergarten, after his teachers reported that he had come to school in heavily soiled clothing. DHR remained involved with the family throughout Mr. Orr's early childhood due to various reports of the children having frequent skin infections, including scabies and impetigo; coming to school in dirty clothing and missing or being late for school; and living in unsanitary housing with limited food. Ultimately, DHR's investigations found that Mr. Orr's mom was a loving parent doing her best to provide for her six children but struggled as a single mother with limited resources. As the second oldest child and oldest son, Mr. Orr felt a strong sense of responsibility from a young age to help his mom look after his younger siblings.

1

Drugs and violence were a fact of everyday life in the neighborhoods where Mr. Orr grew up. In 2015, when he was just 17 years old, Mr. Orr was shot in the abdomen during an altercation and had to undergo emergency surgery. Mr. Orr spent approximately a week in the hospital following his surgery before being discharged but had to go back for multiple follow-up visits and additional procedures due to post-surgical complications. To manage his pain during this time, Mr. Orr was prescribed opiate pain killers, on which he ultimately became dependent. Eventually, Mr. Orr also progressed to using fentanyl on a daily basis.

## ARGUMENT

A 96-month sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case. 18 U.S.C. § 3553(a). Mr. Orr was charged with possessing marijuana with the intent to distribute, possessing fentanyl with the intent to distribute, possession of a machinegun in furtherance of a drug trafficking offense, and possession of a machinegun. (Doc. 1). As part of the parties' binding plea agreement, the government has agreed to dismiss Count 3 of the indictment, charging Mr. Orr with possessing a machinegun in furtherance of a drug trafficking crime. (Doc. 29). Had Mr. Orr proceeded to trial in this case and been convicted of that charge, he would have faced a mandatory minimum sentence of 30 years, consecutive to any sentence he received on the remaining counts. *See* 18 U.S.C. § 924(c)(1)(B)(ii) ("If the firearm possessed by a person convicted of a violation of this subsection . . . is a machinegun . . . the person shall be sentenced to a term of imprisonment of not less than 30 years."). Thus, although higher than the guidelines range for the non-dismissed charges, the parties' proposed 96-month sentence takes into account the nature, circumstances, and seriousness of the offense conduct, including the dismissal of Mr. Orr's most serious charge. 18 U.S.C. § 3553(a)(1), (2)(A).

Such a sentence would also approximate the total sentence Mr. Orr would have faced had the government charged him under the more commonly applied subsection of § 924(c), which carries a

2

mandatory, consecutive five-year sentence. *See* 18 U.S.C. § 924(c)(1)(A)(i) (providing that any person who possesses a firearm during a drug trafficking crime shall be sentenced to a term of not less than five years). Had Mr. Orr been so charged, he would have faced a guidelines range of 30 to 37 months on the drug and firearm charges, plus a mandatory consecutive term of 60 months for the § 924(c) offense, resulting in a total guidelines range of 90 to 97 months. Accordingly, a 96-month sentence would avoid unwarranted sentencing disparities with similarly situated defendants. 18 U.S.C. § 3553(a)(6).

## Conclusion

For all of the foregoing reasons, Mr. Orr respectfully requests that this Court accept the parties' binding plea agreement and impose a sentence of 96 months.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

**/s/ Courtney Murtha**
COURTNEY MURTHA
Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
courtney_murtha@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

Respectfully submitted.

**/s/ Courtney Murtha**
COURTNEY MURTHA
Assistant Federal Public Defender

3